*May Term, 1847.*

CARTER
v.
KERR.

---

CARTER *v.* KERR and Others.

No general rule can be laid down as to what constitutes multifariousness in a bill in equity. The Court must exercise a sound discretion in determining, from the circumstances of each case, whether a bill is liable to that objection.

A bill in chancery for a partition of lands will not be considered multifarious, on account of any pertinent statements it may make in setting forth the title of the complainant conformably to the requisitions of the statute.

If a bill for a partition of several tracts of land show a right in the complainant to have one of the tracts divided, a demurrer to the whole bill should be overruled.

ERROR to the *Fountain* Circuit Court.

SMITH, J.—*Samuel Carter,* the plaintiff in error, filed a bill in chancery in the *Fountain* Circuit Court to obtain partition of certain lands. The bill alleges that in *October,*

*Thursday, May 27.*

1831, *Joseph Kerr* executed a title-bond in favour of "the heirs of *Robert Kerr*, deceased" (without naming them), by which he covenanted, on the payment of a sum of money, to convey to said heirs the east half of the south-*east* quarter of section numbered nine, &c., in the county of *Fountain;* that in 1833, *Joseph Kerr*, the obligor, being then deceased, *John, Samuel, Eliza Jane, Joseph, James, Ruth, Elizabeth,* and *Robert H. Kerr*, the heirs of *Robert Kerr*, having paid said sum of money, filed a bill against his heirs to procure a deed for the tract of land described in the bond. According to the practice in such cases, a commissioner was appointed by the Court, who executed a deed, but by mistake described the land as being the east half of the south-*west* quarter of section numbered nine, &c. The deed was thus acknowledged and entered of record.

The bill further alleges that in *February*, 1828, one *James Davis* also executed a title-bond in favour of "the heirs of *Robert Kerr*, deceased," by which the said *Davis* covenanted to convey to them the west half of the south-east quarter of section numbered nine, &c.; and that in 1833, said *Davis* being deceased, the above-named heirs of *Robert Kerr* instituted proceedings, making the heirs of *Davis* parties, to procure a deed for the tract of land last described; that in this case the commissioner appointed to execute the conveyance, by mistake omitted the names of two of the grantees, namely, those of *John* and *Samuel Kerr;* that the deed as acknowledged and recorded contains the names of the other six heirs only, as grantees; that notwithstanding these mistakes, all the heirs of *Robert Kerr*, together with *Mary Kerr*, his widow, entered upon the tracts of land in both the title-bonds described, and occupied them as tenants in common.

The bill then alleges that the heirs and widow of *Robert Kerr* were owners of a third tract of eighty acres of land, which they held as tenants in common and by a perfect title; that in 1837, *Carter*, the complainant, purchased the interest of *Samuel, Eliza Jane,* and *James Kerr*, three of the heirs of *Robert*, and received conveyances from them. By virtue of these conveyances he claims to be the owner of, and to have the legal title to, the undivided three-ninth

parts of the last-mentioned tract; also the legal title to the undivided two-ninth parts of the tract described in the title-bond executed by *Davis;* and a good equitable title to the undivided one-ninth part of that tract; and also a good equitable title to the undivided three-ninth parts of the tract described in the title-bond executed by *Joseph Kerr*. He prays the Court to settle by a decree his rights in the several tracts of land above described, and after such decree to appoint commissioners to make partition, &c. The widow and heirs of *Robert Kerr*, deceased, are all made defendants.

To this bill the defendants filed a general demurrer, which was sustained and the bill dismissed. The dismissal of the bill is the error complained of.

We think the demurrer ought not to have been sustained. The statute regulating proceedings in partition, provides that all persons holding lands as joint tenants, or tenants in common, may be compelled to divide the same, either by writ of partition at common law, or by proceedings in chancery. Every petition or bill to obtain partition should set forth the rights and titles, so far as known, of the petitioners and of the several parties; and any person interested may appear and plead any matter tending to show, that the petitioner ought not to have partition as prayed for either in whole or in part. If upon the trial of any issues thus raised, or upon the admissions of the parties, it shall appear that the petitioner is entitled to partition, the Court should award an interlocutory judgment specifying the share or shares which shall be assigned in such partition. R. S. 1843, c. 45, ss. 114, 117, 121, 125.

It is objected to the bill that it is multifarious, but we do not see the force of this objection. No general rule can be laid down as to what constitutes multifariousness in a bill in equity. 2 Howard, U. S. 619. The Court must exercise a sound discretion in determining, from the circumstances of each case, whether a bill is liable to that objection. *Ibid*. A bill is not multifarious, however, for setting forth a variety of distinct matters, all tending to show that the complainant is entitled to the relief prayed for. (1.) The statements alleging that mistakes were made by the commissioners, who executed the deeds to the heirs of *Robert Kerr* for two of the tracts of land in which the complainant claims an interest,

were not made for the purpose of procuring an alteration of the deeds, nor is such alteration prayed for, but they were pertinent in setting forth the "right and title" of the complainant in conformity with the requisitions of the statute. The proportional shares to which the complainant and the defendants were severally entitled, in any or all of the tracts of land mentioned in the bill, were required to be ascertained by the Court before a final order of partition could be made. Every thing necessary to show the nature and quantity of the interest claimed by the complainant was, therefore, proper to be stated. None of the facts alleged in the bill are inconsistent with the prayer it contains, or the object professed to be had in view; namely, a partition of the lands claimed to be holden in joint tenancy with the defendants.

Some objections are raised by the defendants in error to the validity of the deeds executed by the commissioners in favour of the heirs of *Robert Kerr*, to two of the tracts of land. It is unnecessary for the determination of the question as to the sufficiency of the demurrer, to inquire into the grounds of these objections. The effect of the demurrer being to admit the truth of the matters charged in the bill, it sufficiently appears that the complainant was the holder, as a tenant in common with the defendants, of at least one of the tracts, and had the Court found on proper issues presented by the parties, that both the deeds made by the commissioners were void, and that the complainant had no interest in the land conveyed by them, it would still have remained to settle the respective shares or proportions of the parties to the third tract, about the title to which there appears to have been no controversy. The complainant claims in right of three of the heirs of *Robert Kerr*. All of said heirs are made defendants to his bill. They are all parties to the proceedings in partition; made so for the express purpose of enabling the Court to ascertain and decree the respective shares or proportions, held by them as tenants in common of the lands sought to be divided. It was perfectly competent for them or any of them, to contest the complainant's right to the lands claimed by him, or to show that his share was less than he demanded; but if on the trial of any issues either of law or fact, it appeared that the complainant was the owner of some share or

proportion of the land so holden, he would be entitled to a judgment of partition for that share or proportion.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*W. H. Mallory* and *D. Mace*, for the plaintiff.

*R. C. Gregory* and *D. Brier*, for the defendants.

(1) Ld. *Cottenham*, in reference to the objection to a bill for multifariousness, says: "The only way of reconciling the authorities upon the subject is, by adverting to the fact that although the books speak generally of demurrers for multifariousness, yet in truth such demurrers may be divided into two distinct kinds. Frequently the objection raised, though termed multifariousness, is in fact more properly misjoinder; that is to say, the cases or claims united in the bill are of so different a character that the Court will not permit them to be litigated in one record. It may be that the plaintiffs and defendants are parties to the whole of the transactions which form the subject of the suit, and nevertheless those transactions may be so dissimilar that the Court will not allow them to be joined together, but will require distinct records. But what is more familiarly understood by the term multifariousness, as applied to a bill, is where a party is able to say he is brought as a defendant upon a record, with a large portion of which, and of the case made by which, he has no connexion whatever." *Campbell* v. *Mackay*, 1 Mylne & Craig, 603. See, also, Story's Eq. Plead. 3d ed. 295 to 318, and 513 to 526.